## Roberts, et al. v. Bryant Brothers.

(Decided June 7, 1927.)

### Appeal from McCreary Circuit Court.

1. Appeal and Error.—Court of Appeals may, with propriety, decline to audit accounts of litigants and settle differences, in action based on contract whereby plaintiffs furnished defendants merchandise at wholesale for resale, plaintiffs to receive half of profit.

2. Factors.—In action based on contract under which plaintiffs sold defendants merchandise at wholesale for resale, plaintiffs to receive half of profits, evidence held to show that on settlement between parties plaintiffs were entitled to $2,685.21.

3. Factors.—On termination of contract, whereby plaintiffs furnished merchandise to defendants for resale, plaintiffs to receive half of profits, defendants held not entitled to allowance for unsold goods as provided by contract, where evidence did not show that any

merchandise which they offered to return had been furnished by plaintiffs.

H. C. CRESS for appellants.

WILL H. CAYLOR for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Prior to the institution of this action, appellees, Bryant Bros., a partnership composed of J. A. and W. S. Bryant, were engaged in the mercantile business at Whitley City, McCreary county, Ky. They entered into a contract with appellants, W. S. and Rose E. Roberts, which provided that appellees would furnish merchandise to appellants at wholesale cost plus freight, which the latter agreed to sell at retail from a store then being operated by them, to be accounted for at wholesale price plus the freight and one-half of the profit that might be made in the sale of the goods. It was further agreed that, when the contract should terminate, appellants might deliver to appellees any unsold goods and be credited by them at the wholesale price. The parties operated under this contract for some time, and, being unable to agree on a settlement, appellees instituted this action, alleging that they had delivered to appellants goods, wares, and merchandise of the value of $10,913.85; that they had been paid only the sum of $7,504.11, leaving a balance of $3,319.74 due and unpaid, which sum they sought to recover.

At the time the contract was entered into between the parties, appellants executed and delivered to appellees a mortgage on certain lands owned by them, creating a lien to the extent of $2,500 thereon to secure payment to that extent of any indebtedness owing by them to appellees on account of merchandise that might be delivered under the contract. By the action, appellees sought to enforce their mortgage lien to the extent indicated in satisfaction of their debt.

By the answer appellants denied that they had received merchandise of value in excess of $8,052.95, and pleaded that they had paid appellees $12,868.34, leaving a balance due them from appellees to the amount of $4,100.39, which they sought to recover by way of counterclaim. They also pleaded that, when the contract termin-

ated, appellees refused to receive back and credit them with the unsold goods, to their damage in the sum of $484.95, which they also sought to recover by way of counterclaim. Roughly speaking, the foregoing outlines the issues.

The action was referred to the master commissioner of the McCreary circuit court, who heard the evidence offered by the parties and had filed with him all the exhibits offered by either party. By his report he found that appellants were indebted to appellees on a settlement of the matters involved between them in the sum of $2,817.19. Appellants filed exceptions to this report, which the chancellor, upon consideration, overruled, and the report was confirmed, whereupon judgment was entered herein in favor of appellees and against appellants for that sum; hence the appeal.

As the appeal is presented by brief of opposing counsel, they are agreed in only one particular; that is, that the record is in considerable confusion, owing to the poor method of bookkeeping on the part of both appellants and appellees and owing to the vast number of exhibits on file herein. The figures presented by opposing counsel to sustain their respective contentions agree with each other in no particular, and we find it true also that both of them differ with the figures arrived at by the commissioner and the chancellor. The briefs presented deal with the figures involved in very general terms; that for appellants being in effect that, if this court will carefully audit the accounts between the parties, it will be ascertained that the judgment below is too large, while the brief for appellees in effect suggests that a correct audit of accounts between the parties will disclose that the judgment was too small.

Under a rule of practice prevailing here, often written, we might have with propriety declined to assume the burden thus shifted to this court; but the parties have taken such widely different views as to what a study of this record will disclose that we have undertaken the burden of auditing their accounts and settling their differences.

Appellees filed as exhibits herein 144 separate invoices, showing the goods, wares, and merchandise delivered by them to appellants under the contract. With the exception of two or three of them, they contained nota-

tions made by appellants acknowledging their correctness. As is insisted for appellants in three instances, these invoices are apparent duplications of each other. Appellants do not deny having received the merchandise so shown by appellees to have been delivered to them. Eliminating the duplications, we find that merchandise to the value of $10,412.60 was delivered by appellees to appellants.

Appellants claim that they had paid $12,868.34 is not sustained by the proof. In a number of instances appellants paid appellees with post office money orders. They file with the record the detachable receipt provided with each money order to be detached and held by the sender. They file in evidence also a number of receipts from appellees acknowledging payments made on account of merchandise furnished. In arriving at the total amount paid, appellants have palpably taken credit by the amounts shown by the detachable receipts from the money orders and also by receipts forwarded to them by appellees when they received the money orders. Without undertaking to discuss the evidence relating thereto, we find from the record as a whole that appellants paid to appellees a total of $7,727.39, and that on the settlement between the parties appellees are entitled to a judgment for $2,685.21.

Appellants' insistence that they are entitled to $484.95 because of appellees' refusal to receive the unsold goods on hand at the termination of the contract between them cannot be sustained. When the arrangement was entered into, appellants had on hand the remnants of a stock of goods. They admit that throughout the time appellees were providing them with merchandise under the contract they also purchased merchandise from other sources. The testimony for them does not establish that any of the merchandise which they offered to return had been furnished to them by appellees under the contract. In addition to this, our conclusions as to the amount of merchandise furnished to appellants by appellees and as to the amount of payment thereon made by appellants have left entirely out of account the question of profits owing to appellees on account of the merchandise sold by appellants.

The chancellor properly adjudged that the lands described in the petition were in lien by reason of the mortgage to the extent of $2,500 to secure to that extent the

payment of the judgment herein. But, in view of the fact that our consideration of the record leaves us with the conclusion that appellees should have recovered from appellants only $2,685.21 instead of $2,817.18 as decreed by the chancellor, the judgment herein is reversed and cause remanded, with direction that a judgment in con-formity herewith be entered.